Curia, per

Richardson, J.
Both Hearn and Wever proved the trading of defendant with Isom, directly, by selling him the coffee and sugar, as alleged in the second count of the indictment. And that Isom was under their management. They also proved; circumstantially, that Turner received the wheat of Isom and paid him, in part, with *402 coffee and sugar; which verified the whole trading charged in the third count. The defendant was. not indicted as a shop keeper, although it appeared plainly that he kept a store. We cannot, therefore, grant a new trial, upon the evidence, because it fully justified the verdict.
CALDWELL, Solicitor.
Next, as to the motion in arrest of judgment. The first count may be admitted to be defective and bad, for the reason alleged in the first ground of the motion in arrest. The defendant had the benefit of that admission, by the charge of the judge; and was, of course, convicted under the second or third count — or under both. If one of them be good, it is enough. But both are good. The second alleges Isom to have been under the care and management of John R. Wever; and the alleged trading was, in selling Isom coffee and sugar, without a permit. The third count varies from the second, in this — that Isom was under the care and management of both Hearn, and J. R. Wever ; and that the defendant both sold Isom the coffee and sugar and purchased the wheat at the same time. These acts were not separate tradings, but separate parts of the same trading. This count embodied the whole evidence as given by We-ver and Hearn, and cannot be defective, by stating the whole trading, as consisting in the purchase of one article, and the sale of another. This third count included the second count; and did more, by alleging that Isom was under the care of Hearn, as well as Wever; and that the defendant purchased the wheat as well as sold the coffee and *403 sugar, either of which was a sufficient act of trading. But the two do not lessen the trading. There is, then, no deject in either of these two counts ; and I need scarcely observe, that wherever one of the counts is good, the court awards judgment upon it, (1 Salk. 384; 1 Johns. 7, 322; 2 Burr. 985; Doug. 723;) notwithstanding the other counts were bad. It was formerly otherwise, in civil actions, in many cases, where the court could not tell but that the jury had awarded the damages upon the bad count. But never in criminal prosecutions, where the court awards the punishment upon the good count alone.
This motion is, therefore, also dismissed.
O’Neall, Evans, Earle and Butler, JJ., concurred.